IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00743-BO-KS

| | |
|---|---|
| JORDAN DUBLIN,<br>　　　Plaintiff,<br><br>v.<br><br>TRANSUNION LLC *and* EQUIFAX<br>INFORMATION SERVICES LLC,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)　　ORDER<br>)<br>)<br>)<br>)<br>) |

This matter comes the Court on Plaintiff's motion for leave to proceed *in forma pauperis* [DE 2], and the subsequent memorandum and recommendation ("M&R") of Magistrate Judge Kimberly Swank. For the following reasons, the M&R is adopted in full.

## BACKGROUND

Plaintiff Dublin has filed a lawsuit against Defendants TransUnion and Equifax, alleging that the Defendants reported inaccurate, unverifiable, and damaging information on Plaintiff's consumer credit report in violation of the Fair Credit Reporting Act, the Gramm-Leach-Bliley Act, the Telephone Consumer Protection Act, and the Fair Debt Collection Practices Act [DE 1-1 at 1]. Plaintiff requests a total of $12.6 million in actual and punitive damages [*Id.* at 3].

## ANALYSIS

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616,

622 (4th Cir. 2007). "[W]hen reviewing *pro se* objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Here, the time for filing objections elapsed on March 6, 2025, without Plaintiff filing objections. However, on March 24, 2025, the Plaintiff filed an objection to the M&R [DE 9]. While the Court is not obligated to consider these objections, it will do so for the sake of clarity.

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs… and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The M&R submitted to the Court recommended that the Plaintiff's motion to proceed *in forma pauperis* be denied because of several shortcomings and inconsistencies in Plaintiff's application. Namely, the Plaintiff has listed substantial monthly income from companies during dates preceding the incorporation dates of those companies [DE 8 at 2]. Further, Plaintiff lists monthly expenses of $600 for clothing and $1,200 for transportation, as well as a present desire to hire an attorney "for other litigations." [DE 2 at 4–5]. These statements indicate that paying the filing fee for the present lawsuit would not prevent Plaintiff from "provid[ing] himself and [his] dependents with the necessities of life." *Adkins*, 335 U.S. at 331.

Plaintiff objects to this recommendation on the grounds that his income from the listed companies does not predate the incorporation of those companies, because those companies were

incorporated in another state before he acquired them [DE 9 at 2]. However, Plaintiff does not dispute his listed monthly expenditures or his present desire to hire an attorney, as evidenced by his attributing his delay in filing objections to the M&R to his involvement in "two full-day evidentiary arbitration hearings." This evidence alone compels the Court to conclude that permitting the motion to proceed *in forma pauperis* would be inappropriate.

## CONCLUSION

In accordance with its obligations, the Court has reviewed the filings and the M&R for clear error and found none. As such, the M&R is ADOPTED IN FULL. The Plaintiff's motion for leave to proceed *in forma pauperis* is DENIED. The Plaintiff must pay the full filing fee before this litigation can proceed. The clerk is DIRECTED to close the case unless the full filing fee is paid by May 5, 2025.

SO ORDERED, this __4__ day of April 2025.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3